IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Case No. 07-cv-00912-REB-CBS

CHRISTINE L. WHALEY,

      Plaintiff,

v.

MORGAN ADVANCED CERAMICS, INC.,
a Delaware corporation,
MORGAN MATROC INCORPORATED,
a Delaware corporation,
MORGAN TECHNICAL CERAMICS, INC.,
a Delaware corporation, and
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation,

      Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Christine L. Whaley, Defendants Morgan Advanced Ceramics, Inc., Morgan Matroc Incorporated, Morgan Technical Ceramics, Inc., Morgan Matroc Ltd. (collectively "Morgan") and Defendant DePuy Orthopaedics, Inc. ("DePuy") (collectively, "the parties"), hereby stipulate and agree, through their respective attorneys of record, as follows:

      1.      DePuy and Morgan may designate as confidential material all or any part of documents produced by them in response to various requests for production of documents filed by the parties or herein. DePuy and Morgan agree that the designation of material as confidential shall be made by them only after a bona fide determination that the material is in fact a trade secret or other confidential research, commercial or proprietary information.

2. The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the word "Confidential." The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

3. Any deposition or other testimony may be designated as "Confidential" by any one of the following means:

    (a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated. Whenever any information designated "Confidential" is to be discussed or disclosed in a deposition, persons who are not entitled to receive such information under this Stipulated Protective Order shall be excluded from the room; or

    (b) sending written notice within fifteen (15) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential." However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential" until fifteen (15) business days after the transcript of the deposition has been received by the party whose "Confidential" materials are involved.

4. Notwithstanding the foregoing, inadvertent failure to designate material "Confidential" in accordance with the terms of paragraph 2 or 3 will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

5. Material or information designated as confidential under this Stipulated Protective Order shall not be used or disclosed by any party or their respective counsel or any person acting on her behalf to any other persons or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein as provided for hereinafter.

6.      Counsel for each party shall not disclose or permit the disclosure of any material or information designated as confidential under this Stipulated Protective Order to any other person or entity, except in the following circumstances:

(a)     Disclosure may be made to employees of counsel for each party who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein.  Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective Order requiring that the material and information be held in confidence.

(b)     Disclosure may be made to consultants or experts (hereinafter, "expert") employed by any party or their counsel to assist in the preparation and trial of this litigation.  Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulated Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A."  A copy of each executed Confidentiality Agreement shall be furnished to counsel for DePuy and Morgan at the time when experts are required to be disclosed.  In no event shall any disclosure be made to employees, officers or directors of any competitors of DePuy or Morgan, irrespective of whether they are retained as an expert for any of the parties.

7.      Counsel for each party shall keep all material or information designated as confidential which is received under this Stipulated Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 8, and shall immediately place such material and information in a secure facility.  Except as provided in paragraph 6 above, no person shall have access to the foregoing facility.

8.      Any person having access to material or information designated confidential under this Stipulated Protective Order shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except for copies, extracts, summaries or descriptions furnished by each parties' counsel to consultants or experts employed by them in the preparation and trial of this litigation.  Said consultants or experts shall not make copies of

the confidential material or information furnished to them by counsel.

9. Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Stipulated Protective Order.

10. If, during trial or in connection with any motion or other proceeding, any party intends to offer into evidence any documents, exhibits, or other materials that reveal or may tend to reveal material or information claimed to be confidential by DePuy or Morgan, counsel for that party shall either (i) make arrangements with DePuy or Morgan, respectively, for the handling of such information or (ii) if the parties cannot agree on such arrangements, submit such evidence to the court by in accordance with the Colorado Rules of Civil Procedure and local practice for leave of court to seal the record and any other rules or orders of the court that may be applicable.

11. Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for each party shall either destroy, or assemble and return to counsel for DePuy and Morgan, all material in their possession or subject to their control (including but not limited to material furnished to consultants and/or experts) that was determined, either by agreement or Court Order, to be confidential. In the event counsel for any party elects to destroy all or a portion of such material or information, counsel for that party shall certify in writing that such material or information has been destroyed. The terms of this paragraph shall apply to any and all copies, extracts, summaries or descriptions made of or concerning the material or

information determined to be confidential.

DATED at Denver, Colorado, this 10th day of July, 2007.

                                         BY THE COURT:

                                         s/Craig B. Shaffer
                                         Craig B. Shaffer
                                         United States Magistrate Judge

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order executed by the attorneys of record for the parties in the action presently pending in the matter of *Christine Whaley v. Morgan Advanced Ceramics, Inc., et al.*, United States District Court for the District of Colorado, C.A. No. 07-CV-00912 REB-CBA, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Name:_____

Company:_____

Address:_____

_____


Date:  _____