# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 07-cv-00912-REB-CBS

CHRISTINE L. WHALEY,

    Plaintiff,

v.

MORGAN ADVANCED CERAMICS, LTD., f/k/a MORGAN MATROC, LTD., and
DEPUY ORTHOPAEDICS, INC., an Indiana corporation,

    Defendants.

## ORDER GRANTING DEFENDANT MORGAN ADVANCED CERAMICS, LTD.'S MOTION TO DISMISS PURSUANT TO 21 U.S.C. § 1605(a)

**Blackburn, J.**

The matter before me is **Defendant Morgan Advanced Ceramics, Ltd.'s Motion To Dismiss Pursuant To 21 U.S.C. § 1605(a)** [#21], filed August 15, 2007.[1] I grant the motion.[2]

In this medical products liability case,[3] defendant, Morgan Advanced Ceramics,

---

[1] I exercise my discretion to treat the motion as a motion to dismiss under 21 U.S.C. § 1605(a) and not as a motion for summary judgment as I may under 21 U.S.C. § 1605(c)(4).

[2] The issues raised by and inherent to the motion to dismiss are briefed and supported adequately by relevant facts in the pleadings and affidavits; thus, obviating the necessity for discovery, evidentiary hearing, oral argument, or further briefing. *See* 21 U.S.C. § 1605(c)(1)(A) (". . . no discovery shall be permitted in connection with the action that is the subject of the motion, other than discovery necessary to determine a motion to dismiss for lack of jurisdiction, until such time as the court rules on the motion to dismiss.")

[3] In her amended complaint [#16] filed July 16, 2007, plaintiff asserts three claims for relief against defendant Morgan: Count One alleges negligent design and manufacture of the Johnson & Johnson S-ROM® Total Hip System; Count Two alleges strict liability for an unreasonably dangerous defect in the Johnson & Johnson S-ROM® Total Hip System that was surgically implanted in plaintiff; and Count Three alleges a breach of an implied warranty that the Johnson & Johnson S-ROM® Total Hip System was reasonably fit for its intended purpose as a hip joint replacement system. *See* Amend.

Ltd., f/k/a Morgan Matroc, Ltd. (Morgan) seeks the entry of an order dismissing the claims of the plaintiff, Christine L. Whaley (Whaley). Morgan's motion to dismiss implicates Fed.R.Civ.P. 12(b)(6)[4] procedurally and the Biomaterials Access Assurance Act (BAAA), 21 U.S.C. §§ 1601-1606, substantively.

## JURISDICTION

I have jurisdiction under 28 U.S.C. § 1332 (diversity).

## STANDARD OF REVIEW

Generally, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted would be limited to a determination of whether the well-pled allegations of the complaint (taken as true) state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Ridge at Red Hawk, L.L.C. v Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).[5] However, under the BAAA Congress has provided otherwise. Pursuant to 21 U.S.C. § 1605(a), "[a] defendant may, at any time during which a motion to dismiss may be filed under applicable law, move to dismiss an action against it on the grounds that the defendant is a biomaterials supplier and " the defendant is not "liable as a manufacturer" under 21 U.S.C. § 1604(b), the defendant is "not liable as a

---

Compl. ¶¶ 17-32.

[4] Morgan cites incorrectly to C.R.C.P. 12(b)(5) and (b)(6). Procedurally, this diversity action is governed by the Federal Rules of Civil Procedure.

[5] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The clarified standard, "plausibility," and its meaning have been addressed recently by the Tenth Circuit in *Robbins v. Oklahoma*, ___ F.3d ___, 2008 WL 747132 (10th Cir. 2008).

seller" under 21 U.S.C. § 1604(c), the defendant is "not liable for furnishing raw materials or component parts for the implant that failed to meet applicable contractual requirements or specifications" as defined in 21 U.S.C. 1604(d), and/or the claimant "did not name the manufacturer as a party to the action" as specified in 21 U.S.C. 1605(b). 21 U.S.C. § 1605(a)(1)-(4). Thus, in this case, to prevail on its motion to dismiss under the BAAA, Morgan must demonstrate by a preponderance of the evidence that (1) it is a "biomaterials supplier" and (2) is not a manufacturer of the failed implant, is not a seller of the failed implant, and did not provide component parts for the failed implant that were in derogation of contractual requirements. § 1605(a)(1)-(3).

Under 21 U.S.C. § 1605(c)(3), the court must rule on the motion to dismiss solely on the basis of the pleadings and any affidavits submitted under 21 U.S.C. § 1605(c)(2)(A) and (B). Thus, the BAAA allows trial courts to dismiss biomaterials suppliers from lawsuits prior to discovery.[6] 21 U.S.C. § 1605(c)(1)(A) and (B). An order granting a motion to dismiss shall be entered with prejudice.[7]

### FINDINGS OF FACTS

I find that the following facts, which are taken from the amended complaint and

---

[6] Neither party has requested the opportunity for discovery under 21 U.S.C. § 1605(c)(1)(B)(i)or(ii).

[7] Pursuant to 21 U.S.C. § 1605(e), a biomaterials supplier, who is dismissed, remains subject to post-judgment impleader on the conditions prescribed by 21 U.S.C. § 1606(a).

Morgan's answer, the motion (and concomitant brief and affidavits), response,[8] and reply, are either undisputed or established by a preponderance of the evidence. On December 15, 1996, Whaley underwent hip replacement surgery. (Amend. Compl. ¶ 11.) Her surgeon implanted an S-ROM® Total Hip System, which included a Morgan Zyranox Zirconia Femoral Head. (*Id.*) Whaley's S-ROM® Total Hip System failed and was replaced during revision surgery on April 17, 2005. (*Id.* ¶¶ 12-14.) Whaley alleges that she endured pain and loss of income due to the S-ROM® Total Hip System's premature failure. (*Id.* ¶ 15-16.) Whaley has brought suit against Morgan and DePuy Orthopaedics, Inc., an Indiana corporation.

The S-ROM® Total Hip System consists of several components: a femoral sleeve which is implanted into the femur, a femoral stem which is inserted, and then locked into the femoral sleeve, a femoral hip head which is press-fit onto the end of the femoral stem, an acetabular cup that also connects to the femoral hip head, inserted into the pelvis and either screwed or cemented in place, and a liner, generally constructed of polyethylene, which is inserted into the cup. (Aff. of Dr. Steven Hughes ¶ 3.) Morgan produced the femoral hip head component of the S-ROM® Total Hip System: essentially a ceramic sphere made from zirconia powder to exacting spherical diameter and tapered bore dimensions as specified by Morgan's customer, Joint Medical Products, Inc. (*Id.* ¶ 4.) Zirconia powder, from which the femoral hip head was fashioned, has a host of uses outside medical science. Morgan produced no other

---

[8] I have credited plaintiff with all relevant facts in exhibits A-I of the response [#41] filed October 31, 2007, even though the facts are not presented via affidavit as ostensibly required under 21 U.S.C. § 1605(c)(2)(B).

component for the S-ROM® Total Hip System, and sold the femoral hip heads at issue in this case only to DePuy or other subsidiaries of Johnson & Johnson for use and resale by DePuy as a component of the S-ROM® Total Hip System. (*Id.* ¶¶ 4, 7.)

The S-ROM® Total Hip System, listing the femoral hip head as a component, has been the subject of 21 U.S.C. § 360(k) premarket notification with the Department of Health and Human Services. (*Id.* ¶ 8.) Premarket notification was conducted by Joint Medical Products Corporation. Morgan helped supply information regarding femoral hip heads necessary for the premarket notification process, but did not itself conduct the submissions. (*Id.*) Morgan has not submitted the S-ROM® Total Hip System for premarket approval pursuant to 21 U.S.C. § 360(j) of the Federal Food, Drug, and Cosmetics Act. (*Id.* ¶ 9.) Morgan produces no part of the S-ROM® Total Hip System other than the femoral hip head, and Morgan does not produce the S-ROM® Total Hip System itself. (*Id.* ¶¶ 5, 6.)

## CONCLUSIONS OF LAW

Based on the pleadings, the affidavits (and concomitant exhibits), the foregoing findings of fact, the arguments of the parties,[9] and the language of the relevant provisions of the BAAA, I conclude as follows: (1) that Morgan is a biomaterials supplier within the meaning of 21 U.S.C. § 1602(1)(A); (2) that Morgan's Zyranox Zirconia Femoral Head is a component part of the S-ROM® Total Hip System implant within the

---

[9] I have not considered the evidence presented, facts asserted, reasons stated, arguments advanced, or authorities cited in Morgan's *ultra vires* submission of supplemental authority [#48] filed without advance judicial approbation on January 11, 2008, or in Whaley's response [#49] filed January 15, 2008.

meaning of 21 U.S.C. § 1602(3)(A); (3) that Morgan is not a manufacturer within the meaning of 21 U.S.C. § 1602(6)(B)(i)or(ii); thus, there is no ground for liability under 21 U.S.C. § 1604(b); (4) that Morgan is not a seller within the meaning of 21 U.S.C. § 1602(10); thus, there is no ground for liability under 21 U.S.C. § 1604(c); and (5) that Morgan did not furnish raw materials or component parts that failed to meet applicable contractual requirements or specifications; thus, there is no ground for liability under 21 U.S.C. § 1604(a)(3). Because Morgan was not the manufacturer of the implant, was not the seller of the implant, and did not furnish raw materials or component parts that failed to meet applicable contractual requirements or specifications, then Morgan, as a biomaterials supplier, is not liable for any harm to Whaley caused by the implant. 21 U.S.C. § 1604(a)(1), (2), and (3).

I reject as unsupported by the facts and the language of the BAAA plaintiff's two, principal arguments that the BAAA only protects component part manufacturers regarding components not designed or manufactured specifically for use in a medical device (*see* Response at 1) and that Morgan registered itself and listed its Zyranox Zirconia Femoral Heads with the FDA and that, therefore, Morgan cannot avail itself of the protection of the BAAA (*id.* at 1-2). I accept Morgan's and reject Whaley's construction of the relevant provisions of the BAAA.

**ORDERS**

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Morgan Advanced Ceramics, Ltd.'s Motion To Dismiss Pursuant To 21 U.S.C. § 1605(a)** [#21], filed August 15, 2007, is **GRANTED**; and

2. That the claims of the plaintiff, Christine L. Whaley, against the defendant, Morgan Advanced Ceramics, Ltd., f/k/a Morgan Matroc, Ltd., are **DISMISSED** with prejudice.[10]

Dated March 31, 2008, at Denver, Colorado.

                              **BY THE COURT:**

                              **s/ Robert E. Blackburn**
                              **Robert E. Blackburn**
                              **United States District Judge**

---

[10] Dismissal must be with prejudice under 21 U.S.C. § 1605(e), notwithstanding the anomalous potential statutory remedy of post-judgment impleader under 21 U.S.C. § 1606(a).